BEFORE THE FIRST DIVISION, MAY 25, 1956

**No. 59952.**—Intermaritime Forwarding Co., Inc. v. United States, petition 7212–R (New York).

MOLLISON, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties assessed by reason of the fact that the final appraised values of certain printed linen piece goods imported from England exceeded the entered values.

There is no dispute as to the material facts. These, as developed by the record, indicate that the ultimate consignee of the merchandise, which was in the exporting business, became interested in the importation of the line of fabrics such as the involved linen goods for resale in the United States. Prior to embarking upon the venture, however, an officer of the firm and its customhouse broker conferred with the customs examiner who ordinarily passed such merchandise with a view to determining the range of values of the merchandise, in order to arrive at landed costs.

The record shows that through this phase of the matter there was accord and cooperation between the customs authorities and the importer and that a tentative value was reached, sufficient to warrant the importer, as a matter of business, to order the goods. The importer applied itself to the task of procuring information which the examiner requested. In accordance with the agreement and understanding of the importer and the examiner, appraisement of the merchandise was withheld pending receipt of full information. As the merchandise and the information arrived, certain differences of opinion arose between the importer and the examiner as to the situation in the foreign market with respect to governmental control, sales, and profits, and with respect to the method by which the merchandise was produced, all having an effect on the value.

During this period of time, numerous discussions and conferences were had by and between the importer, the customs broker, and the examiner, and several investigations were made abroad, and the record shows that the importer and its associates abroad cooperated fully and did not withhold any information from the customs officers.

At a conference between the importer, the customs broker, and the examiner and his superior, an agreement as to the value of the merchandise imported up to November 1949 was reached, and it was further agreed that the notices of proposed appraisement (calling for amendment of the entries) would not be sent out all at once, inasmuch as this would require the deposit of a rather large sum in connection with the amendment of the entries involved. It was also agreed that,

as to entries subsequent to that date, appraisement would continue to be withheld pending further information.

No notices of proposed appraisement were received by the importer with respect to the entries of November 1949, and prior, and the next development was the receipt by the importer of formal notices of appraisement at values considerably in excess of those agreed upon and covering all entries, both prior and subsequent to November 1949.

Although the present petition relates to but one entry, the evidence offered at the trial encompassed the situation with respect to some 52 entries, to which the same facts apply. In the case of three entries, involving unusual situations relating to separate costs for printing and for goods, and the importation of samples, the importer discovered errors in the invoicing and entry and conceded the correctness of the position of the examiner, but did not amend the entries immediately, upon advice of the examiner, upon discovering the facts, intending to take care of those situations when notice of proposed appraisement was received and amendments of the entered values would be made. The receipt of formal notices of appraisement made this impossible.

The record shows that the importer prosecuted appeals for reappraisement, but, due to the complexity of the issues, it was decided to accept an offer made on behalf of the Government based upon cost of production values lower than the appraised values but higher than the entered values, rather than to permit the matters to be determined upon the evidence offered at the trials.

This betokens no lack of faith in the merits of its cause on the part of the petitioner, but was dictated obviously by prudence. The additional duties here sought to be remitted accrued upon the rendition of judgment in accordance with the stipulation.

As has been said, the foregoing facts are undisputed. We are satisfied from the record made at the trial of this petition that it has been shown that the difference between the final appraised and entered values arose, in the main, over legitimate differences of opinion, or, in the case of the three entries involving unusual circumstances in which the importer conceded the correctness of the examiner's position, upon reliance on a notice procedure which is subject, like all human endeavors, to occasional failures.

We, therefore, find that entry of the merchandise at less value than that returned upon final appraisement was without intention to defraud the revenue of the United States, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

Judgment will, therefore, issue granting the petition accordingly.